```
              IN THE UNITED STATES DISTRICT COURT
                  NORTHERN DISTRICT OF TEXAS
                      FORT WORTH DIVISION


STEVEN E. PORTER,                §
                                 §
          Plaintiff,             §
                                 §
VS.                              §   NO. 4:04-CV-752-A
                                 §
JO ANNE B. BARNHART,             §
COMMISSIONER OF SOCIAL SECURITY, §
                                 §
          Defendant.             §
```

<u>MEMORANDUM OPINION</u>
and
<u>ORDER</u>

Came on for consideration the above-captioned action wherein Steven E. Porter is plaintiff and the Commissioner of Social Security, currently Jo Anne B. Barnhart, is defendant. On September 22, 2005, the United States Magistrate Judge issued his proposed findings, conclusions, and recommendation,[1] and granted the parties until October 13, 2005, in which to file and serve any written objections thereto. On October 3, 2005, plaintiff filed his objections. Defendant filed a response to those objections on November 1, 2005.

I.

<u>Standards of Review</u>

Pursuant to 42 U.S.C. § 405(g), the only issues before the court are whether (1) the final decision of the Commissioner that plaintiff is not disabled within the meaning of the Social

---

[1] Citations to the proposed findings, conclusions, and recommendation issued by the United States Magistrate Judge will be "FC&R."

Security Act is supported by substantial evidence, and (2) whether the decision complies with applicable legal standards. Crouchet v. Sullivan, 885 F.2d 202, 204 (5th Cir. 1989). If supported by substantial evidence, the Commissioner's findings are conclusive and must be affirmed. Richardson v. Perales, 402 U.S. 389, 390 (1971). The court may not reweigh the evidence or substitute its opinion for that of the Commissioner, but must scrutinize the record in its entirety to ascertain whether substantial evidence exists to support the Commissioner's findings. Fraga v. Bowen, 810 F.2d 1296, 1302 (5th Cir. 1987). Substantial evidence is more than a mere scintilla, less than a preponderance, and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. Crouchet, 885 F.2d at 204. In determining whether the Commissioner's decision is supported by substantial evidence, the court considers (1) objective medical facts and clinical findings, (2) diagnosis of examining physicians, (3) subjective evidence of pain and disability as testified to by the claimant, and (4) the claimant's age, education, and work history. Smith v. Schweiker, 646 F.2d 1075, 1077 (5th Cir. Unit A June 1981). "[N]o substantial evidence" will be found only where there is a "conspicuous absence of credible choices" or "no contrary medical evidence." Johnson v. Bowen, 864 F.2d 340, 343-44 (5th Cir. 1988) (citing Hames v. Heckler, 707 F.2d 162, 164 (5th Cir. 1983)).

Once the magistrate judge has issued his proposed findings,

conclusions, and recommendations, and the respondent has made objections thereto, the district judge makes a de novo determination of those portions of the magistrate judge's specified proposed findings or recommendations to which objection is made.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  The court now makes that determination in the context of the basic principles mentioned above.

II.

Plaintiff's Objections and Rulings Thereon

Plaintiff makes two objections to the magistrate judge's findings and conclusions. Both objections reassert his claim that the ALJ's decision was not supported by substantial evidence. Specifically, plaintiff objects to the magistrate judge's conclusion that substantial evidence supports the ALJ's finding that plaintiff (1) did not suffer a severe mental impairment, and (2) retained residual functioning capacity for sedentary work.

In effect, plaintiff's objections are that the ALJ did not agree with the testimony most favorable to his position.  It is, of course, not the court's function to determine if the ALJ could have ruled differently; the court's duty is only to determine whether there is "such relevant evidence as a reasonable mind might accept as adequate to support [the ALJ's] conclusion." Universal Camera Corp. v. NLRB, 340 U.S. 474, 477 (1951), citing Consolidated Edison Co. v. NLRB, 305 U.S. 197, 229 (1938).  When reviewing the record, the ALJ was entitled to determine the credibility of the medical experts and weigh their opinions

3

accordingly.  Moore v. Sullivan, 919 F.2d 901, 905 (5th Cir. 1990).  Simply because the ALJ accorded more weight to the testimony less favorable to plaintiff does not , alone, constitute a basis for reversal.

   Nevertheless, plaintiff highlights the testimony of two doctors he claims undermines the evidentiary basis of the ALJ's decision.  Indeed, the opinion of a treating physician is normally accorded considerable weight in determining disability; however, the ALJ may give less weight in the case of a treating physician's opinion when that opinion lacks strong persuasive weight, or is otherwise unsupported by the evidence.  Scott v. Heckler, 770 F.2d 482, 485 (5th Cir. 1985).  Such is the case with both physicians referred to in plaintiff's objections.  In the case of Dr. Samir Wahby, who diagnosed plaintiff as suffering from a labile effect, the ALJ considered his testimony but accorded it diminished weight because it was inconsistent with the bulk of the evidence.  See Leggett v. Chater, 67 F.3d 558, 564 (5th Cir. 1995).  The second physician mentioned in plaintiff's objections, Dr. Farrell Hillman, concluded that plaintiff suffered from diminished social functioning, a poor ability to concentrate and mild restrictions in his daily activities.  Nevertheless, Dr. Hillman still concluded that plaintiff was capable of performing semi-skilled tasks in a working environment.

   The court may not, as plaintiff would have it, isolate the testimony of Drs. Hillman and Wahby from the total record.

4

Because the "evidence supporting [the ALJ's] decision is substantial, when viewed in the light that the record in its entirety furnishes, including the body of evidence opposed to the [ALJ's] view," Universal Camera Corp., 340 U.S. at 488, the court adopts the findings, conclusions and recommendation of the magistrate judge.

III.

Conclusion and Order

For the reasons stated above, all objections of plaintiff are without merit.  Therefore, the court accepts the magistrate judge's proposed findings, conclusions, and recommendations.

Consistent therewith,

The court ORDERS that the Commissioner's decision that plaintiff did not qualify for a period of disability and disability insurance benefits be, and is hereby, affirmed.

SIGNED November 18, 2005.

    /s/ John McBryde
JOHN McBRYDE
United States District Judge